Dear Mr. Sprick:
This letter is in response to your question asking as follows:
 Can the Board of Trustees of a county hospital organized under the provisions of Section 205.160, et seq, buy a clinic facility with public funds and pursuant to Section 70.210, et seq, enter into a contractual arrangement with the Department of Family Practice of the University of Missouri School of Medicine to operate the clinic and divide the revenue therefrom (as is set forth in the statement of facts attached hereto)?
In the statement of facts that you have submitted to us, you further state:
 Keller Memorial Hospital, Fayette, Missouri, is a public hospital organized under the provisions of Section 205.160, et seq, RSMo. The Hospital Board of Trustees would like to purchase an existing medical clinic near the hospital which is presently owned by two private physicians who intend to retire from practice. The purchase of the clinic would be made with public funds controlled by the Hospital Board of Trustees. The Department of Family Practice at the University of Missouri School of Medicine wishes to establish a clinic training program for their resident physicians in Fayette, Missouri. If the Hospital Board of Trustees purchases the clinic facility, the Department of Family Practice would like to operate the facility as an outpatient clinic staffed by three physicians who are full time salaried faculty members of the University School of Medicine and by resident physicians in the Family Practice Training Program. All physicians employed at the clinic would be paid by salary from the University of Missouri School of Medicine. The Department of Family Practice and the Board of Hospital Trustees would enter into a contractual arrangement whereby the clinic facility would be leased from the Hospital Board of Trustees by the Department of Family Practice and the revenues generated by the operation of the clinic would be allocated and used as follows:
 (1) To pay the direct expenses of operating the clinic;
 (2) To pay the retirement of indebtedness incurred by the Hospital Board of Trustees in purchasing the clinic, or, to pay a fair lease rental to the hospital trustees in consideration of its purchase of the clinic;
 (3) To reimburse the University of Missouri for the salaries of the faculty physicians working at the clinic;
 (4) To set up a reserve for contingencies for the clinic facility including repair, maintenance, renovation, and purchase of new equipment.
 (5) The balance of the operating revenue would be paid to the University of Missouri Department of Family Practice.
Our examination of the provisions of the cooperative agreement statutes, §§ 70.210, et seq., RSMo, leads us to the conclusion that such an agreement could not be entered into. Under § 70.220, it is required that the subject and purposes of any contract or cooperative action made and entered into by a political subdivision shall be within the scope of the powers of the political subdivision. We know of no authority for a county hospital organized under the provisions of §§ 205.160, et seq., RSMo, to provide for the operation of a clinic as contemplated.
Very truly yours,
 JOHN ASHCROFT Attorney General